Dear Representative McMains:
This office is in receipt of your request for an opinion of the Attorney General in regard to the requirement of R.S. 40:46.1 that a hospital which provides birthing services have a program that allows for the voluntary acknowledgement of paternity. There is a concern about implementing its provisions. R.S. 40:46.1 provides as follows:
 A. Any hospital in the state which provides birthing services shall have a program that allows for the voluntary acknowledgment of paternity during the period immediately before or after the birth of a child.
 B. During the period immediately before or after the birth of a child to an unmarried woman, a hospital-based program established in accordance with this section shall, at a minimum:
 (1) Provide to both the mother and alleged father, if he is present in the hospital:
 (a) Written materials about paternity establishment.
 (b) The forms necessary to voluntarily acknowledge paternity.
 (c) A written description of the rights, responsibilities, and alternatives as provided in R.S. 9:392(A) which are involved in acknowledging paternity.
 (d) The opportunity to speak with hospital personnel, either by telephone or in person, who are trained to clarify information and answer questions about paternity establishment.
 (2) Provide the mother and alleged father, if he is present, the opportunity to voluntarily acknowledge paternity in the hospital in accordance with Civil Code Article 203 and R.S. 9:392.
 (3) Afford due process safeguards.
 (4) Forward completed acknowledgments to the state registrar.
 C. Hospital support personnel that provide birthing services shall possess notarial powers to administer oaths to and authenticate signatures of any person in connection with execution of a formal acknowledgment of paternity in accordance with this Section. Any oaths administered or signatures authenticated pursuant to this Section shall have the same force and effect as if taken or signed before a duly commissioned notary public.
 D. Hospital support personnel shall forward an acknowledgment of paternity to the state registrar who shall forward copies of same to the Department of Social Services, office of family support, support enforcement services. A statewide data base shall be maintained by the Department of Social Services in accordance with federal regulations.
 E. A voluntary acknowledgment executed in accordance with this Section shall be signed by both parents and the parents' signatures shall be authenticated by a person possessing notarial powers in accordance with state laws.
 F. The Department of Social Services, office of family support, support enforcement services shall provide to all birthing hospitals in the state:
 (1) Written materials about paternity establishment.
 (2) Forms necessary to voluntarily acknowledge paternity.
 (3) Copies of a written description of the rights, responsibilities, and alternative as provided in R.S. 9:392(A) which are involved in acknowledging paternity.
 (4) Training, guidance, and written instructions relative to voluntary acknowledgment of paternity, as necessary to operate the hospital based program.
 (5) An assessment of each birthing hospital's program on at least an annual basis.
Based upon this statute we find in Section A it is mandated that any hospital that provides birthing services must establish a program to provide for acknowledgment of paternity for a birth of a child to an unmarried woman.
Thereafter Section B sets forth the minimum requirements for the program and in this regard requires written material be given to the mother and father, if he is present, about the establishing of paternity, the necessary forms for the acknowledgment and an opportunity to speak with hospital personnel to clarify the information. Following the distribution of this information, the hospital must give the parents the opportunity to complete the necessary paper work for the acknowledgment after having received an explanation of the rights and responsibilities of such an acknowledgment, and forward the acknowledgment to the state registrar when received within the time designated for the completion.
Section C allows hospital personnel to "possess notarial powers to administer oaths and authenticate signatures of any person in connection with execution of a formal acknowledgment of paternity". Of course, it must be recognized this notarial power can limited by the program to certain hospital personnel as the hospital chooses, and that power is strictly applied to the acknowledgment of paternity in accordance with the hospital program, and no other notarial power. This authority extended to the designated hospital personnel is simply an authentication of the signature, and does not empower the hospital personnel with any authority to give legal or paralegal advice that might otherwise be given by a commissioned notary under state law.
Section D mandates the hospital personnel to forward the acknowledgment to the state registrar who must forward the same to the Department of Social Services. This obviously requires a time limit be followed for such execution, and should be consistent with the requirement for forwarding of information for the birth certificates of fifteen days.
Section E is in furtherance of the voluntary acknowledgement in that it requires the signature of both parents which must be authenticated "by a person possessing notarial powers in accordance with state laws", and thus is an individual who is authorized by the state to act as a notary pursuant to a notarial commission.
Finally, Section F mandates the Department of Social Services, office of family support to provide all birthing hospitals with written material about paternity establishment, the necessary forms, and copies of written description of rights, responsibilities incurring by acknowledgment of paternity, and significantly, training and guidance to operate the hospital program, followed by an assessment of each hospital's program annually.
In regard to the establishment of the program you set forth the following question:
 First, an interpretation is needed regarding the requirement to provide this service immediately before or after the birth of the child. How long before or after the birth of the child is this requirement in effect — during hospitalization only, for additional weeks prior to or following the birth, for additional months following the birth?
 Second, Section B(1)(d) requires that the parents have the opportunity to speak with hospital personnel who are trained to clarify information and answer questions about paternity establishment. How and by whom will hospital personnel be trained about "paternity establishment?" The employees involved would be required to be high school graduates, but we do not usually require this level of employee to have familiarity with technical questions about paternity, and, frankly, we are concerned about the hospital's liability if erroneous information is given.
 Third, Section (B)(3) requires that the program "afford due process safeguards." We are unsure about the meaning of this requirement and how to carry it out.
 Fourth, Section C says, "Hospital support personnel that provide birthing services shall possess notarial power. . . ." Does this refer literally to the personnel that perform birthing services, such as registered nurses? Or should we interpret this section to apply to support personnel at hospitals that provide birthing services?
 Finally, Section E states only that a voluntary acknowledgement executed in accordance with this Section shall be signed by both parents and authenticated by a person possessing notarial powers in accordance with state laws. This section of the statute does not require the person possessing notarial powers to be hospital personnel. Is the hospital required by law to notarize such acknowledgements of paternity, or may we notarize these documents as we choose to provide this service?
In regard to the time within which the acknowledgment of paternity must be made, we note that the statute simply states "during the period immediately before or after the birth of a child" the program shall provide written materials and forms, a description of rights, an opportunity to speak with personnel to answer questions, and forward completed acknowledgment to the state registrar. It is our opinon "Immediately " can be referenced to mean the period of time for which the mother is hospitalized for the birth of her childis Inasmuch as the statute allows for an opportunity of parents to speak with hospital personnel to clarify information and answer question "either by telephone or in person", and the form specifies "the alleged father has the right to consult an attorney before signing an acknowledgment of paternity", this indicates that a certain amount of time may elapse from the admission to the hospital, the subsequent birth before the acknowledgment can be completed. Therefore, while it is possible to "immediately" provide the written materials, and shortly thereafter provide an opportunity to speak with personnel, more time may be needed to complete the forms. Moreover, the statute allows the acknowledgment to be executed "by a person possessing notarial powers in accordance with state laws" this indicating that the acknowledgment could be completed after the mother has left the hospital.
Since the statute requires parents to have the opportunity to speak with hospital personnel about paternity establishment, your second question is how and by whom will hospital personnel be trained about "paternity establishment". In this regard we find that the statute specifies that the "Department of Social Services, office of family support, support enforcement services shall provide to all birthing hospitals in the state: * * * * Training, guidance, and written instructions relative to voluntary acknowledgement of paternity, as necessary to operate the hospital based program."
Wherein the statute requires that the hospital program for acknowledging paternity shall "afford due process safeguards", you inquire as to the meaning of this requirement and how to carry it out. As related hereinabove, the Department of Social Services, office of family support, is mandated to provide all birthing hospitals with "copies of a written description of the rights, responsibilities, and alternative as provided in R.S. 9:392(A) which are involved in acknowledging paternity." Accordingly, the State's form of "Acknowledgment of Paternity Affidavit" requires reading the document and initialing the reverse side of the form upon which are set out "Notice of Alternatives, Rights and Responsibilities", "Rights and Responsibilities of a Parent" and "Benefits For Your Child". Moreover, it is pertinent to note that R.S.9:392(A) directs that prior to the execution of a declaration of acknowledgment the notary shall provide in writing or orally or by video or audio presentations as follows:
 (1) Either party has the right to request a genetic test to determine if the alleged father is he biological father of the child.
 (2) The alleged father has the right to consult an attorney before signing an acknowledgment of paternity.
 (3) If the alleged father does not acknowledge the child, the mother has the right to file a paternity suit to establish paternity.
 (4) After the alleged father signs an acknowledgment of paternity, he has the right to pursue visitation with the child and the right to petition for custody.
 (5) Once an acknowledgment of paternity is signed, the father may be obligated to provide support for the child.
 (6) Once an acknowledgment of paternity is signed, the child will have inheritance rights and any rights afforded children born in wedlock.
 (7) A party who executed a notarial act of acknowledgment may rescind the act, without cause, before the earlier of the following:
 (i) Sixty days after the signing of the act, in a judicial hearing for the limited purpose of rescinding the acknowledgment.
 (ii) A judicial hearing relating to the child, including a child support proceeding, wherein the affiant to the notarial act of acknowledgment is a party to the proceeding.
 (b) Thereafter, the acknowledgment of paternity may be voided only upon proof, by clear and convincing evidence, that such act was induced by fraud, duress, or material mistake of fact, or that the father is not the biological father.
 (8) All parties to the action have any other rights and responsibilities which may be afforded by law now or in the future.
These provisions are similar to the "Rights and Responsibilities of a Parent" set out on the reverse side of the Affidavit for Paternity". By having the hospital program distribute the state's voluntary acknowledgment of paternity forms which contains all of the information cited above in R.S. 9:392, we are of the opinion the hospital program would fulfill the "due process safeguard" requirements of the statute.
Your next question pertains to which "hospital support personnel that provide birthing services" actually possess notarial powers to administer oaths and authenticate signatures in accordance with paternity acknowledgment. The statute mandates that the hospital based program shall, "provide the mother and alleged father, if he is present, the opportunity to voluntarily acknowledge paternity in the hospital" and then simply designates it be "support personnel" of a hospital without making a specific designation as to which hospital support personnel this will apply. We are of the opinion that the hospital can make a reasonable designation as to which hospital support personnel will have this responsibility. However, as noted hereinabove, this notarial power to administer oaths and authenticate signatures is restricted to notarizing only the signature on the paternity acknowledgment under the hospital program and cannot be utilized for any other documents requiring notarization. Other notarization would be invalid and constitute an unauthorized practice.
Your final question notes that Section E of the statute provides that a voluntary acknowledgment "shall be authenticated by a person possessing notarial powers in accordance with state laws", and you ask whether notaries other than hospital personnel may notarize these documents. We would conclude pursuant to this provision the acknowledgment can be by a person possessing notarial powers "in accordance with state laws", and is not restricted to hospital personnel. This recognizes that while a portion of the statute pertains to a situation if the father is present at the hospital, Section E would be relevant to instances when the father was not present in the hospital, or when the forms are completed somewhere other than before hospital personnel. While it may be helpful for the hospital program to provide the limited notary powers given by the statute in question, it is obvious that many paternity documents will be executed somewhere other than the hospital, and any legal notary can notarize the documents.
The best sources for information relative to voluntary acknowledgment of paternity is the Department of Social Services, office of family support, who are mandated by the statute in the Section F of R.S. 40:46.1
to provide all birthing hospitals with pertinent information. However, we hope this response sufficiently answers your questions.
Sincerely yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI./bbr